412     SUPREME COURT OF WISCONSIN.     [MAY

Green Bay & M. C. Co. v. Kaukauna G., E. L. & P. Co. 157 Wis. 412.

GREEN BAY & MISSISSIPPI CANAL COMPANY, Respondent, vs.
KAUKAUNA GAS, ELECTRIC LIGHT & POWER COMPANY,
Appellant, and another, Respondent.

SAME, Appellant, vs. SAME, Respondents.

*May 4—May 21, 1914.*

*Public utilities: Acquirement by city: Liens: Assumption: Liability
for unpaid rent: Landlord and tenant: Renewal term: Fixing
rental: Arbitration: Accord and satisfaction: Interest on rental
not paid when due.*

1. A municipality in which is a public utility operating under an
   indeterminate permit does not, in acquiring the property of
   such utility pursuant to secs. 1797m—80 *et seq.*, Stats. 1911,
   render itself liable for unpaid rent on a lease owned by such
   utility and acquired in the proceedings.
2. The statute limits the municipality strictly to the acquisition of
   the property of the public utility, and while this would permit
   the assumption of valid liens thereon up to the amount of
   compensation fixed by the railroad commission, other existing
   obligations must be liquidated by the public utility.
3. A lease of water for power at a rental of $6 per horse power per
   annum provided for a renewal for a second term of ten years
   at a rental to be fixed by arbitration. At the end of the origi-
   nal term no arbitrators were appointed, but the lessee contin-
   ued for about three years to use the water and pay rent at the
   old rate, the lessor giving receipts in full for part of the time,
   and afterward receipts "on account." Arbitrators were then
   by agreement appointed "to determine the annual rental which
   [the lessee] ought in justice to, and shall, pay to [the lessor]
   for said premises and power, during said renewal period,"
   specifying the entire ten-year term; and in making the next
   payment, prior to the award, the lessee stated that it was
   made subject to the terms of the arbitration agreement and
   that if the decision should establish a lower rental the lessor
   would be charged with the excess paid during the period cov-
   ered by said agreement. *Held*, that these facts sustained a
   finding of the court that there was no accord and satisfaction
   as to the rent accruing prior to the arbitration agreement.
4. In making their own independent investigation in this case the
   arbitrators were not guilty of misbehavior, but did only what
   the parties consented they might do.

5. The lease provided in terms that the rent or any part thereof
not paid when due should bear interest from the time it be-
came due. The arbitrators found that the lessor was entitled
to receive as rent during the renewal period $10 per horse
power per annum, payable quarterly in advance according to
the terms of the lease. It appearing that both parties were
to blame for the delay in having the rental fixed and had pro-
ceeded upon the assumption that there would be an equitable
accounting and adjustment when it should be fixed, it is *held*
that the lessor was entitled to interest on the unpaid differ-
ence in the rent from the dates when it should have been paid
had the rental been fixed at the commencement of the renewal
period. KERWIN, J., dissents.

Appeals from a judgment of the circuit court for Outa-
gamie county: JOHN GOODLAND, Circuit Judge. *Modified
and affirmed.*

On the 1st day of October, 1901, the plaintiff leased to the
Kaukauna Electric Light Company water equal to 100 horse
power until October 1, 1907, at an annual rental of $600,
payable quarterly in advance on the first days of January,
April, July, and October in each year, with a provision that
if rent was not paid when due it should bear interest at six
per cent. from that time till paid. The lease gave the lessor
a first lien upon all buildings then or theretofore erected upon
certain lands where the lessee was to use the water. It also
provided for an option on the part of the lessee to renew the
lease for eighty years from and after the 1st day of October,
1907, "in terms of ten years each, the rent for each succeed-
ing ten years, if the parties are unable to agree, to be fixed
by arbitration, each party selecting one competent, disinter-
ested, and impartial arbitrator, and if they are unable to
agree, those two selecting a third like arbitrator, the written
decision of which three arbitrators, or any two of them, shall
be binding upon the parties as to the amount of rental to be
paid by the lessee to the lessor during the ensuing term of
ten years." Subsequently the Kaukauna Electric Light
Company, with the consent of the lessor, assigned the lease to

the defendant *Kaukauna Gas, Electric Light & Power Company,* hereinafter called the *Kaukauna Company.* The latter exercised its option to renew the lease for ten years from October 1, 1907, but the parties failed to agree upon the rental and failed to appoint arbitrators. In 1911 the city of *Kaukauna* began proceedings to acquire the property of the *Kaukauna Company* under the provisions of sec. 1797*m*—80, Stats., and on or about January 1, 1912, took over its property. In the meantime the *Kaukauna Company* paid the plaintiff $600 per annum in quarterly payments as rental. In 1910 the parties entered into an arbitration agreement, each selecting an arbitrator, the two so selected, if unable to agree, to select a third, which they did, submitting to them "to determine, as arbitrators between said parties, the annual rent which the *Kaukauna Gas, Electric Light & Power Company* ought in justice to, and shall, pay to the *Green Bay & Mississippi Canal Company* as rent for said premises and power during said renewal period, to wit, from the 1st day of October, 1907, to the 1st day of October, 1917." The arbitrators did not meet till February, 1912, and the city of *Kaukauna* was also represented in the arbitration proceedings. The arbitrators found that plaintiff was entitled to receive as rent during the renewal period the sum of $10 per horse power per annum, payable quarterly in advance according to the terms of the lease. Plaintiff brought an action to recover from the *Kaukauna Company* the difference between $6 per annum per horse power and $10 per annum per horse power from October 1, 1907, to January 1, 1912, with interest at six per cent. from the date when payment should have been made, and to foreclose its lien on the buildings located upon the lands mentioned. The court entered judgment in favor of plaintiff for the amount of principal due and interest from date of award, but not for interest from time quarterly payments were due, directed that execution issue against the defendant *Kaukauna Company,* and

in case it is returned unsatisfied that the buildings be sold to
satisfy the lien. The defendant *Kaukauna Company* ap-
pealed from the judgment entered against it, and the plaint-
iff appealed because interest was not allowed from the time
quarterly payments became due.

For the defendant *Kaukauna Gas, Electric Light & Power
Company* as appellant there were briefs by *Nath. Pereles &
Sons,* attorneys, and *Daniel W. Sullivan,* of counsel, and
oral argument by *Mr. Sullivan.* They contended, *inter alia,*
that the city had been substituted as lessee before the rent
in question accrued, the award not having been made until
after the assignment; that an assignee is liable for all rent
accruing or payable during his tenancy; and that there can
be no apportionment of such rent; citing, among other au-
thorities, *Commercial H. Co. v. Brill,* 123 Wis. 638, 101 N.
W. 1101; 18 Am. & Eng. Ency. of Law (2d ed.) 278, 361;
24 Cyc. 1169, 1176, 1177, 1180, 1370, 1371; 3 Elliott, Con-
tracts, § 1867; *Bowen v. Haskell,* 53 Minn. 480, 55 N. W.
629; *West Concord M. Co. v. Hosmer,* 129 Wis. 8, 107 N.
W. 12; Jones, Landl. & T. §§ 661, 667; *M'Creesh v.
M'Geough,* 7 Irish Rep. (Com. Law) 236; *Sherman v. Cobb,*
16 R. I. 82, 12 Atl. 232; *Hegan M. Co. v. Cook's Adm'r,* 22
Ky. L. Rep. 427, 57 S. W. 929; 1 Tiffany, Landl. & T.
§§ 176, 181; *Anderson v. Robbins,* 82 Me. 422, 19 Atl. 910,
8 L. R. A. 568; *Marshall v. Moseley,* 21 N. Y. 280; *Dona-
hoe v. Rich,* 2 Ind. App. 540, 28 N. E. 1001; *Logan v. An-
derson,* 2 Doug. 101; *Smith v. Niver,* 2 Barb. 180; *Boyd v.
Gore,* 143 Wis. 531, 128 N. W. 68; *Kneeland v. Schmidt,*
78 Wis. 345, 47 N. W. 438; *Martineau v. Steele,* 14 Wis.
295; *New York v. Ketchum,* 67 How. Pr. 161; *Martin v.
Martin,* 7 Md. 368; *Trask v. Graham,* 47 Minn. 571, 50 N.
W. 917; *Graves v. Porter,* 11 Barb. 592.

For said defendant company as respondent there was a
brief by *Nath. Pereles & Sons,* attorneys, and *Alex. L.
Strouse,* of counsel, and oral argument by *Mr. Strouse.*

They argued that until the award the amount of rent due was unliquidated and could not have been approximately ascertained by the party chargeable with its payment, hence interest was not recoverable. *Laycock v. Parker,* 103 .Wis. 161, 79 N. W. 327; *J. I. Case P. Works v. Niles & S'. Co.* 107 Wis. 9, 82 N. W. 568; *Remington v. E. R. Co.* 109 Wis. 154, 84 N. W. 898, 85 N. W. 321; *Ehrlich v. Brucker,* 121 Wis. 495, 99 N. W. 213; *Lowe v. Ring,* 123 Wis. 370, 101 N. W. 698; *Shaw v. Gilbert,* 111 Wis. 165, 86 N. W. 188; *People ex rel. Cranford Co. v. Willcox,* 207 N. Y. 743, 101 N. E. 174; *Burke v. Sidra Bay Co.* 116 Wis. 137, 92 N. W. 568.

For the plaintiff as appellant and respondent there were briefs by *Hooper & Hooper,* and oral argument by *Moses Hooper.* They argued, among other things, that the assignment of a lease by the lessee and the taking of rent from the assignee by the lessor does not release the lessee unless the lessor accepts the assignee and releases the lessee. *Bailey v. Wells,* 8 .Wis. 141, 157, 158; *Lovejoy v. McCarty,* 94 Wis. 341, 344, 68 N. W. 1003; *Martineau v. Steele,* 14 Wis. 295; *Wineman v. Phillips,* 93 Mich. 223, 228, 231, 53 N. W. 168; *Rees v. Lowy,* 57 Minn. 381, 383, 384, 59 N. W. 310. It was error to disallow interest from the dates when quarterly payments had been earned. *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327; *West v. M., L. S. & W. R. Co.* 56 Wis. 318, 323, 324, 14 N. W. 292; *Crescent M. Co. v. Wasatch M. Co.* 151 U. S. 317, 14 Sup. Ct. 348; *Forrer v. Coffman,* 23 Grat. 871.

VINJE, J.    Several questions arise upon the appeal of the defendant *Kaukauna Company,* the main one being whether it or the city of *Kaukauna* is liable to plaintiff for the unpaid rental of $4 per annum per horse power from October 1,. 1907, to January 1, 1912, being the difference between $6, the amount paid during this time by the defendant *Kau-*

*kauna Company*, and $10, the amount found to be due by the arbitrators. The *Kaukauna Company* contends that since the city had succeeded to its rights and had taken over its property at the time the arbitrators made their award, and had become the lessee of the lease, it became liable to plaintiff for the amount of the award; that liability did not accrue till the award was made August 14, 1912. It further contends that no liability exists against it because at the time the rent accrued it was not a party to the lease and it could not be enforced against it. A long argument with numerous citations of authorities is made on the liability of substituted lessees and as to the effect of assignment of leases upon the right of the lessor to recover against the assignee. In the view of the court this argument and these authorities do not reach the question here presented, which is substantially this: Does a municipality, in acquiring a public utility subject to the provisions of secs. 1797m—80 *et seq.*, Stats. 1911, render itself liable for unpaid rent on a lease owned by the utility and acquired in the proceedings? . When the defendant *Kaukauna Company* received an indeterminate permit it thereby agreed that the city of *Kaukauna* might acquire its property subject to the provisions of the Public Utility Law. That law, however, authorizes the municipality to acquire nothing but the *property* of the public utility. It does not authorize it to acquire the corporation itself or its obligations or to incur any indebtedness on account of any liability of the corporation. The statute limits the municipality strictly to the acquisition of the property of the public utility, and such was the scheme consented to by the *Kaukauna Company* when it received its indeterminate permit. It cannot now be heard to say that in acquiring such property the city also assumed an obligation to pay for rental of power used by it long before the city took over its plant. In acquiring such property the municipality must take it subject to any valid liens thereon up to the amount of compensation fixed by the railroad

commission; but it does not assume a liability for any indebtedness arising out of the use of power furnished the public utility before it acquires the plant. Such indebtedness must be liquidated by the public utility.

From October 1, 1907, to January 1, 1910, receipts in full were given by the plaintiff when quarterly payments were made. Afterwards receipts "on account" were given. The trial court found there had been no accord and satisfaction and that the intent of both parties was that the payments of $6 per annum per horse power were on account, and if a larger sum was fixed by the arbitrators the *Kaukauna Company* would pay the additional amount, and if a smaller sum the plaintiff would refund the difference. There is abundant testimony to support this finding. The arbitration agreement dated November 14, 1910, was "to determine . . . the annual rent which the *Kaukauna Gas, Electric Light & Power Company* ought in justice to, and shall, pay to the *Green Bay & Mississippi Canal Company* as rent for said premises and power during said renewal period, to wit, from the 1st day of October, 1907, to the 1st day of October, 1917." December 11, 1911, the president of the *Kaukauna Company* wrote the plaintiff:

"The rental payment by our company of $124 each month is made to you under the terms of the arbitration agreement. If the arbitrators' decision will be for a larger rental than $6 per horse power per annum, our company will be charged with the additional amount, and if the decision will establish a lower rental, your company will be charged with the excess *paid during* the period covered in the arbitration agreement."

There is additional evidence in support of the court's finding, but that here set out establishes beyond question that the parties did not regard the payments made as an accord and satisfaction.

We have carefully examined the evidence as to the alleged

misbehavior of the arbitrators, and from such examination we are satisfied the court properly found that there was none. In making their independent investigation the arbitrators did nothing more than the parties consented they might do.

Upon the plaintiff's appeal the question of whether it is entitled to interest upon the amount unpaid only from the time of the award, as the court adjudged, or from the time the quarterly payments should have been paid, is raised. The court found that plaintiff was not entitled to any interest on any of the instalments of rent till after the award of the arbitrators was made and forwarded to the parties. The lease provides, both as to the first period up to October 1, 1907, and for renewal periods, that the rent should become due and payable quarterly in advance, and that "in case said rent, or any part thereof, shall not be paid as and when the same become due and payable, the same shall bear and draw interest from the time it becomes due, till paid, at the rate of six per cent. per annum." This provision of the lease, taken in connection with the arbitration, and the letter of the defendant *Kaukauna Company* above referred to, as well as the general conduct of the parties as shown by the evidence, quite clearly indicates that though the annual rental was not fixed in amount until the award of the arbitrators was made, yet it was contemplated that, when fixed, an equitable accounting according to the terms of the lease would be made; that the delay in fixing the amount of rent should not operate to the disadvantage of either party, but that the settlement made would place each party in the same position it would have been in had the amount of rent been seasonably fixed and paid according to the terms of the lease. Both parties were to blame for the delay in having the amount of rent fixed. Each no doubt felt that an accounting at any time based upon the terms of the lease would not prejudice any one, and hence the long delay. The defendant *Kaukauna Company* has had the use of the money which it should have paid quarterly in

advance and which the lease provides should draw interest at six per cent. if not so paid. There is nothing in the terms of the award to militate against the idea that interest should date from the time when the payments should have been made had the rent been fixed, for it says that the *Kaukauna Company* and the city of *Kaukauna* ought, respectively, for the period for which each is liable, in justice, to pay to the *Green Bay & Mississippi Canal Company* as rent the sum of $10 per horse power per annum, payable quarterly according to the condition of the lease.

It is elementary that, in the absence of contract or of conduct evincing a contrary intent, interest is not chargeable upon an unliquidated claim. But parties may by agreement provide for interest on unliquidated amounts. They did so in this case by providing that any unpaid balance of quarterly rent should draw interest. The defendant *Kaukauna Company* has had the use of this money. It was always within its power to demand and secure a determination of the amount of rental to be paid quarterly. Its failure to do so ought not to discharge it from the obligation to pay the interest provided for in the lease. In *Laycock v. Parker,* 103 Wis. 161, 187, 79 N. W. 327, the court says: "The rule of course is that the debtor·should pay interest from the time when he ought to have paid the debt. That time may be fixed by agreement." True, it was equally within the power of the plaintiff to demand and secure a determination of the amount of rental. But both parties neglected to do so. Both parties were aware of the conditions of the lease and must have understood that an award or agreement as to amount of rental when made would relate back and apply to the whole renewal period and put parties in the same situation, substantially, that they would have been in had the rental been fixed at the commencement of the renewal period. To do that, interest on unpaid balances of rent should be allowed plaintiff from the time they should have been paid had

the amount of rent been fixed in advance. The court, therefore, erred in allowing interest only from the time of the award. The difference in such allowance from what should have been allowed is the sum of $598. This sum will be added to the judgment as of the date thereof, and as so modified the judgment is affirmed.

_By the Court._—Judgment affirmed as modified. The defendant will take nothing on its appeal.

KERWIN, J. (_dissenting_). On plaintiff's appeal I think the judgment should be affirmed.